UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MONTGOMERY COUNTY COMMON PLEAS COURT JUVENILE DIVISION, INC. *et al.*, | : Case No. 3:24-cv-33 |
| Plaintiffs, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Peter B. Silvain, Jr. |
| AFFAN BEY, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on Defendant Affan Bey's Motion for Leave to Proceed *in forma pauperis* (Doc. #1). For the reasons set forth below, the undersigned **RECOMMENDS** Defendant's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** and that Defendant be **ORDERED** to pay the filing fee of $405.00.

Defendant Bey filed her Motion for Leave to Proceed *in forma pauperis* and a *pro se* Notice of Removal on February 6, 2024. (Doc. #1). In the affidavit in support of her Motion, Bey did not provide her employment status; income; cash on hand/money in accounts; ownership of any valuable property such as real estate, stocks, bonds, notes, or automobiles; or expenses. The Court ordered Bey to submit a supplemental affidavit in support of her Motion on or before March 11, 2024. (Doc. #2). Bey was instructed to explain in the affidavit why the one-time payment of the Court's filing fee will render Bey unable to provide for herself and her dependents. *Id.*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

On March 11, 2024, Bey filed "Affidavit of Fact Certification in Lieu of Financial Statement." (Doc. #4). Although Bey indicates that she "do[es] not have money to pay for access to the court," *id.* at 54, she failed to provide any further details regarding her employment status; income; cash on hand/money in accounts; ownership of any valuable property such as real estate, stocks, bonds, notes, or automobiles; or expenses.

On March 12, 2024, the undersigned ordered Bey to show cause, not later than April 12, 2024, why her Motion for Leave to Proceed *in forma pauperis* should not be denied. (Doc. #6). Bey could, in the alternative, file a signed affidavit in support of her Motion to Proceed *in forma pauperis* by April 12, 2024. *Id.* Bey did not file a response to the Order to Show Cause by April 12, 2024.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent party to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co. Inc.,* the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the party cannot pay the Court's filing fee without depriving herself of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the party need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the party unable to provide for herself and her dependents, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

2

In this case, Defendant has failed to submit a completed *in forma pauperis* application that demonstrates that paying the one-time filing fee of $405.00 would be an undue hardship. As a result, the undersigned finds that Bey has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself and her dependents.

It is therefore **RECOMMENDED** that Defendant's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED** and that she be **ORDERED** to pay the $405.00 filing fee within **30 days** of any Order adopting this Report and Recommendation. Defendant is advised that failure to pay the filing fee may result in a Report and Recommendation to the District Judge that this matter be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

April 17, 2024                                              *s/Peter B. Silvain, Jr.*
                                                            Peter B. Silvain, Jr.
                                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).