# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MONTGOMERY COUNTY COMMON PLEAS COURT JUVENILE DIVISION, INC., et al., | : : : : | Case No. 3:24-cv-33 |
| Plaintiffs, | : : | Judge Thomas M. Rose |
| v. | : : | Magistrate Judge Peter B. Silvain, Jr. |
| AFFAN BEY, f/k/a Tesheon Shantell Wright, | : : : : | |
| Defendant. | : | |

## ENTRY AND ORDER *SUA SPONTE* DISMISSING ACTION

This case comes before the Court on the Court's own motion. Because the Court finds itself to be without subject matter jurisdiction here, the Court *sua sponte* **DISMISSES** the instant action.

This case is rooted in a child custody dispute occurring in the Montgomery County Court of Common Pleas, Juvenile Division, for the State of Ohio (the "State Court"). (Doc. No. 1-1 at PageID 4.) Affan Bey ("Bey") is the mother to a minor child, J.M. (Doc. No. 1-6 at PageID 36.) On August 29, 2019, J.M.'s grandmother, Jokaren Neloms ("Neloms"), filed an ex parte motion for temporary custody of J.M. with the State Court. (*Id.*) The State Court found good cause for Neloms' motion and awarded Neloms temporary custody of her grandchild, pending further proceedings. (*Id.* at PageID 36-37.) Following various challenges by Bey, the State Court conducted a full trial on Neloms' custody of J.M. on December 2, 2020. (*Id.* at PageID 37.) At the conclusion of that trial, the State Court awarded permanent custody of J.M. to Neloms and

1

afforded Bey scheduled parenting time. (*Id.* at PageID 39-40.) The State Court's findings in this regard were handed down on December 19, 2020, in a final appealable order. (*Id.* at PageID 36.)

On February 6, 2024, Bey initiated the present matter by filing an Application/Motion to Proceed Without Prepayment of Fees (In Forma Pauperis) and Affidavit in Support Thereof (Doc. No. 1), and a Legal Notice of Removal Pursuant to Title 18 U.S.C. § 241 & 242 Proper Article III Jurisdiction (the "Pleading") (Doc. No. 1-1). The Court denied Bey *in forma pauperis* status on May 8, 2024. (Doc. No. 8.) Bey then paid the Court's full filing fee of $405.00 on June 4, 2024. (Doc. No. 9.)

For all intents-and-purposes, Bey's Pleading is a complaint rather than a true notice of removal from the State Court. Bey is not seeking federal adjudication of a complaint brought against her in state court. Rather, in her Pleading, Bey attempts to state a cause of action for conspiracy against rights, in violation of 18 U.S.C. §§ 241 and 242. (Doc. Nos. 1-1 at PageID 4; 1-7.)[1] Nevertheless, the overarching substance of Bey's Pleading—albeit containing the oft rejected nonsensical arguments of sovereign citizens—sounds in domestic relations.

Generally, federal district courts only possess subject matter jurisdiction over matters raising a question of federal law and cases involving diverse parties. 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1332 (Diversity of Citizenship). The issue of a court's "'subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction.'" *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (quoting *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)) (*alteration added*).

---

[1] For the purposes of this Order, the Court sets aside the axiom that 18 U.S.C. §§ 241 and 242 constitute criminal statutes for which there is no private right of action. *See e.g.*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Regarding child custody, federal district courts categorically lack subject matter jurisdiction to hear domestic relations cases. *See Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015). Indeed, this categorical exception to federal courts' subject matter jurisdiction "precludes federal courts from hearing cases that 'involv[e] the issuance of a divorce, alimony, or *child custody* decree.'" *Id.* (quoting *Ankennrandt v. Richards*, 504 U.S. 689, 704 (1992)) (alteration in original) (*emphasis added*). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Chambers v. Michigan*, 473 Fed. App'x. 477, 479 (6th Cir. 2012) (citing *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981)).

At present, the Court finds that Bey's case cannot trigger the Court's subject matter jurisdiction. Bey invokes federal statutes and the United States Constitution to no avail. These allegations are no more than a mere pretense for Bey's disagreement with the State Court's child custody decree regarding J.M. To be sure, Bey's alleged cause of action overwhelmingly disputes the State Court's custody decisions with respect to her minor daughter. (*See* Doc. No. 1-1 at PageID 6.) Such a cause of action falls well outside the bounds of the Court's jurisdiction. Therefore, the Court hereby **DISMISSES** this action for want of subject matter jurisdiction.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 15, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE